IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JAMES L. JACK,

    Plaintiff,

v.                                                   Civil Action No. **3:14CV390**

MICHAEL L. CHAPMAN, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Plaintiff's current allegations fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Accordingly, by Memorandum Order entered on March 25, 2015, the Court directed Plaintiff to submit a particularized complaint within fourteen (14) days of the date of entry thereof. The Court warned Plaintiff that the failure to submit the particularized complaint would result in the dismissal of the action.

More than fourteen (14) days elapsed after the entry of the March 25, 2015 Memorandum Order. Plaintiff failed to submit a particularized complaint or otherwise respond to the March 25, 2015 Memorandum Order. Accordingly, by Memorandum Opinion and Order entered April 17, 2015, the Court dismissed the action without prejudice.

On May 13, 2015, the Court received a letter from Plaintiff. In that filing, he explained that he never received the March 25, 2015 Memorandum Order because he was transferred temporarily from the Loudoun County Adult Detention Center and only returned on April 7, 2015. Plaintiff alleged that he still has not received the March 25, 2015 Memorandum Order.

Accordingly, by Memorandum Order entered on May 20, 2015, the Court vacated the April 17, 2015 Memorandum Opinion and Order and reinstated the action on the active docket.[1] The Court directed Plaintiff to comply with the terms of the March 25, 2015 Memorandum Order within fourteen (14) days of the date of entry thereof. The Court warned that the failure to comply with this directive would result in dismissal of the action.

More than fourteen (14) days have elapsed since the entry of the May 20, 2015 Memorandum Order. Plaintiff again failed to submit a particularized complaint or otherwise respond to the May 20, 2015 Memorandum Order. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate order will accompany this Memorandum Opinion.

Date: 6-25-15
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge

---

[1] The Court treated Plaintiff's letter as a request for relief under Federal Rule of Civil Procedure 59(e).

2